**SO ORDERED.**

**SIGNED this 14 day of September, 2005.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE ) | |
| ) | NO. 04-15901 |
| **NATHAN EDWARD BROOKS,** ) | |
| ) | Chapter 7 |
| _____ | |
| **TENNESSEE BOARD OF** ) | |
| **PROFESSIONAL RESPONSIBILITY,** ) | |
| ) | |
| **Plaintiff.** ) | |
| ) | |
| v. ) | ADV. 04-1290 |
| ) | |
| **NATHAN EDWARD BROOKS,** ) | |
| ) | |
| **Debtor/Defendant.** ) | |

**<u>MEMORANDUM AND ORDER</u>**

This proceeding is before the court on a motion by the debtor, Nathan Brooks, to be permitted to take the depositions of Lance Bracy, William Hunt III, James Vick, Daniel Shearon, and any other witnesses who might have knowledge, documents, or tangible items that could

1

reasonably lead to the discovery of relevant evidence in the case. The deponents Vick, Hunt, and Bracy are counsel for the Board of Professional Responsibility of the Tennessee Supreme Court, which is the plaintiff in this case. It opposes the debtor's efforts to take depositions and has previously filed a motion to stay discovery. The single issue before the court is whether the taking of depositions should be stayed.

The current posture of this adversary action is such that there is pending before the court a motion for summary judgment filed by the Board of Professional Responsibility. The motion makes it appear that the Tennessee Supreme Court has issued an order requiring the debtor to pay restitution in the sum of approximately $8,000. The order was issued in connection with the pre-petition disbarment of the debtor following disciplinary proceedings against him. In its memorandum in support of its motion for summary judgment, the Board of Professional Responsibility argues that the debt for restitution is nondischargeable under 11 U.S.C. § 523(a)(7) because the debt "is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit . . . ." The issue in the adversary proceeding is whether or not the Tennessee Supreme Court's order to pay the said restitution is a fine, penalty, or forfeiture within the meaning of § 523(a)(7). This is purely a legal question, and no amount of discovery will aid in its resolution. The parties agree on what happened: after official disciplinary proceedings, a judicial order issued which created the debt in question. There are no remaining relevant issues of fact, and the outcome of the adversary action will turn only on the law.[1]

---

[1] The debtor suggests in his Motion To Take Depositions that the debt established by the Tennessee Supreme Court's order is based on fraud and that the planned depositions would elucidate that. Bankruptcy is not the appropriate place for a collateral attack on a final judicial order.

Against this background, the court sees no need to engage in discovery. The debtor cites *Bracy v. Gramley,* 520 U.S. 899 (1997) for the proposition that litigants may normally engage in discovery as a matter of ordinary course. This is the general rule in civil cases, and yet Fed. R. Civ. P. 26(b)(2) allows a court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case . . . and the importance of the proposed discovery in *resolving the issues*." (Emphasis added). Because the instant case will turn entirely on a question of law, and because all the relevant facts appear to be undisputed, the burden and expense of the proposed discovery outweighs its likely benefit, to wit, none. Further discovery is simply irrelevant to the determination of the motion for summary judgment, which will itself most likely dispose of the case.

When courts find that proposed discovery is aimed at entirely irrelevant matters they limit it.

> Nonetheless, if discovery relates to matters, which are irrelevant under Rule 26(b), "courts have begun to [circumscribe discovery in advance pursuant to Rule 26(c)(4)] with more frequency * * *." *Moore's Federal Practice,* ¶ 26.24; see also, *Navel Orange Administrative Committee v. Exeter Orange Co.,* 722 F.2d 449 (9th Cir. 1983) (protective order limiting discovery of irrelevant material consistent with court's discretion under Rule 1). Thus, a showing of irrelevancy of proposed discovery can satisfy the "good cause" requirement of Rule 26(c). *See, e.g., United States v. Princeton Gamma-Tech, Inc.,* 817 F.Supp. 488, 493 (D.N.J. 1993); *Cooper v. Secretary of Air Force,* 132 F.R.D. 119, 122 (D.D.C. 1990).

*Smith v. Dowson,* 158 F.R.D. 138, 140 (D. Minn. 1994); *accord Blum v. Schlegel,* 150 F.R.D. 38, 39 (W.D.N.Y. 1993) (denying discovery request "for information that has no conceivable bearing on the case.")

Because the discovery proposed by the debtor is irrelevant to the question of law presented by the pending motion for summary judgment, the court hereby grants plaintiffs' motion to stay discovery and denies the debtor's motion to take depositions until such time as the motion for summary judgment is decided.

###