**SO ORDERED.**

**SIGNED this 12 day of October, 2005.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | NO. 04-15901 |
| NATHAN EDWARD BROOKS, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| TENNESSEE BOARD OF | ) | |
| PROFESSIONAL RESPONSIBILITY | ) | |
| OF THE SUPREME COURT, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | NO. 04-1290 |
| | ) | |
| NATHAN EDWARD BROOKS, | ) | |
| | ) | |
| Debtor/Defendant. | ) | |

**M E M O R A N D U M**

## I.

This adversary proceeding is before for the court on a motion for summary judgment filed by a creditor, the Board of Professional Responsibility of the Supreme Court of Tennessee ("Board"). The Board's action is against the debtor, Nathan Edward Brooks, its purpose being to deny the debtor a discharge as to certain debts he incurred by virtue of a disciplinary proceeding prosecuted against him by the Board. The debtor has not filed a response to the Board's motion for summary judgment, and the matter is now ripe for adjudication.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. Thus, summary judgment will be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . . ," *Celeotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), and that one party is entitled to a judgment as a matter of law.[1]

In its motion for summary judgment, the Board sets out that the debtor, as the result of disciplinary proceedings against him, incurred two debts, one for costs associated with the disciplinary proceeding in the sum of approximately $2,000, the second for restitution in the sum of approximately $8,500. The facts are that, in connection with an official disciplinary proceeding against him brought by the Board, the debtor signed and entered a "conditional guilty plea" formally

---

[1] The Board has filed a "Statement of the Undisputed Facts" in support of its motion for summary judgment. As it was not agreed to by the debtor and as it is not an affidavit, the court has not considered it.

admitting several violations of the disciplinary rules of the Code of Professional Responsibility and agreeing that his law license should be suspended for two years. The guilty plea, which was incorporated into an order of the Tennessee Supreme Court, also obligated the debtor pay the aforesaid restitution and costs. It is undisputed that the debtor has not paid the aforesaid costs or restitution.

The Board contends that the debtor's debts for costs and restitution are nondischargeable by virtue of 11 U.S.C. § 523(a)(7), which provides that a discharge in bankruptcy does not discharge any debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and [which] is not compensation for actual pecuniary loss . . . ." The Board argues that the costs and restitution which the Tennessee Supreme Court has ordered the debtor to pay are in the nature of fines or penalties within the meaning of the statute. This presents a question of law . There are no disputed facts relevant to it.

## II. Restitution

The Board's position is that the decision in this case in controlled by *Kelly v. Robinson,* 479 U.S. 36 (1986), in which the Supreme Court held that § 523(a)(7) prohibited the discharge of a debt for restitution imposed on a criminal defendant by a court in a state criminal case. *Kelly* held that § 523(a)(7) "creates a broad exception for *all penal sanctions*," 479 U.S. at 51 (emphasis added), that "criminal proceedings focus on the State's interest in rehabilitation and punishment," *id.* at 362-63, and that "[t]he sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State." *Id.* at 363. *Kelly* reasoned that, because criminal cases focus on a state's interests in punishment and rehabilitation rather than recompense to the victim, even the

restitutionary part of a criminal sentence is penal in nature and so fits within that provision of § 523(a)(7). Whether the reasoning in *Kelly* can be applied to a state disciplinary proceeding turns, therefore, on the nature of the state proceeding: if it is penal in nature, then restitution ordered pursuant to it is also penal.

The United States Supreme Court has recognized that disciplinary proceedings "are adversary proceedings of a quasi-criminal nature." *In re Ruffalo,* 390 U.S. 554, 551 (1968). It also recognized that "[d]isbarment, designed to protect the public, is a punishment or penalty imposed on the lawyer." *Id.* at 550. As for the State of Tennessee, the Tennessee Supreme Court also appears to regard its disciplinary proceedings as primarily penal in nature, as shown by the words used in its rules regarding attorney discipline. For example, § 8.4 of Rule 9, Rules of the Tennessee Supreme Court, provides that, in cases where the hearing committee issues a judgment for disbarment or suspension in excess of three months, the Supreme Court "shall review the recommended *punishment* provided in such judgment or settlement with a view to attaining uniformity of *punishment* throughout the state and appropriateness of *punishment* under the circumstances of each particular case." (Emphasis added). If the court finds the "punishment" to be inadequate or excessive, it can either increase or decrease it. Tenn. Sup. Ct. R. 9, § 8.4.

Where the discipline is pursuant to an agreement, as was the case with the debtor, the language of the Tennessee Supreme Court's rules sounds consistently penal:

> An attorney against whom formal *charges* have been served may at any stage of the proceedings before the Board, hearing committee or trial court, thereafter tender a conditional *guilty plea* to the petition or to a particular count thereof in exchange for a stated form of *punishment*. Such a tendered plea shall be submitted to Disciplinary

> Counsel and approved or rejected by the Board upon recommendation of the hearing committee if the matter has been assigned for hearing, or shall be approved or rejected by the trial court if a petition for certiorari has been filed; subject, however, in either event, to final approval or rejection by this Court if the stated form of *punishment* includes disbarment, suspension or public reprimand.

Tenn.Sup.Ct. R. 9, § 16.1 (emphasis added).

A proceeding that results in punishment is a penal proceeding. According to a standard dictionary, the word penal means "enacting punishment; specifying or prescribing the punishment of offenses." Its second meaning is "of, for, or constituting punishment, especially legal punishment." Webster's New Twentieth Century Dictionary, (2d. ed. 1970). Since the rules of the Tennessee Supreme Court speak directly in terms of punishment, Tennessee disciplinary proceedings must be considered at least primarily penal.

Once it is understood that this disciplinary proceeding is penal in nature, the reasoning employed by the Supreme Court in *Kelly v. Robinson* provides the rule of decision in this case. In *Kelly* the Court held essentially that restitution ordered as part of a criminal sentence is necessarily penal in nature and is therefore a penalty within the meaning of § 523(a)(7). For the same reasons, the restitution ordered by the Tennessee Supreme Court as part of the debtor's punishment would also seem to be a penalty within the meaning of § 523(a)(7). As for the two qualifying clauses of § 523(a)(7), the Supreme Court in *Kelly* reasoned as follows:

> Because criminal proceedings focus on the State's interest in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit" of the State. Similarly, they are

5

>   not assessed "for . . . compensation" of the victim.  The sentence
>   following a criminal conviction necessarily considers the penal and
>   rehabilitative interests of the State.  Those interests are sufficient to
>   place restitution orders within the meaning of § 523(a)(7).

*Kelly,* 479 U.S. at 362-63.

In light of the rules of the rules of the Tennessee Supreme Court describing attorney discipline as "punishment," it would be difficult to characterize Tennessee disciplinary proceedings as anything but penal.  Accordingly, restitution ordered in connection therewith is penal and nondischargeable in bankruptcy.

## II. Costs

Several courts have considered whether costs imposed as the result of attorney disciplinary proceedings are dischargeable, and by far the greatest number have concluded that such costs are nondischargeable by virtue of § 523(a)(7).  *Cillo v. Fla. Bar (In re Cillo)*, 165 B.R. 46 (M.D.Fla.1994); *Betts v. Attorney Registration & Disciplinary Comm'n*, 165 B.R. 870 (N.D.Ill.1994); *Attorney Grievance Comm'n v. Smith*, 317 B.R. 302 (Bankr. D. Md. 2004); *Supreme Court v. Bertsche (In re Bertsche)*, 261 B.R. 436 (Bankr. S.D. Ohio 2000); *Carlson v. Attorney Registration & Disciplinary Comm'n (In re Carlson)*, 202 B.R. 946 (Bankr.N.D.Ill.1996); *State Bar v. Doerr (In re Doerr)*, 185 B.R.533(Bankr.W.D.Mich.1995); *Fla. Bar v. Cillo (In re Cillo)*, 159 B.R. 340 (Bankr.M.D.Fla.1993); *In re Williams*, 158 B.R. 488 (Bankr.D.Idaho 1993); *Attorney Registration & Disciplinary Comm'n v. Betts (In re Betts)*, 149 B.R. 891 (Bankr.N.D.Ill.1993); *Attorney Registration & Disciplinary Comm'n v. Lewis (In re Lewis)*, 151 B.R. 200 (Bankr.C.D.Ill.1992); *Bd. of Attorneys Prof'l Responsibility v. Haberman (In re Haberman)*, 137

B.R. 292 (Bankr.E.D.Wis.1992). These cases conclude that attorney disciplinary proceedings function, like criminal proceedings, to protect the public and to punish bad lawyers. Accordingly, they hold that costs imposed pursuant to the proceedings are to be considered penal and are thus not dischargeable.

An exception to the general view can be found in *State Bar v. Taggart (In re Taggart)*, 349 F.3d 987 (9th Cir. 2000), in which the Ninth Circuit held that fines imposed on an attorney in a disciplinary proceeding were nondischargeable, but not so the costs. The court believed that the existence of different California code sections covering fines and costs indicated that California did not view costs as monetary sanctions or penalties. It also found that the costs imposed were compensation "for actual pecuniary loss" and thus were excepted from the operation of § 523(a)(7) by its terms. The governing Rules of the Supreme Court of Tennessee do not allow fines for disciplined attorneys, so there are no separate rules for fines and costs. As for the question of whether the imposition of costs was primarily to recover "pecuniary loss," the Sixth Circuit has held in an analogous case that costs imposed by a Tennessee criminal court as part of its sentence, although "clearly intended, at least in part, to compensate the State for the expense it had incurred in prosecuting . . ." the debtor, were nondischargeable. *State of Tennessee v. Hollis (In re Hollis)*, 810 F2d 106, 108 (6th Cir. 1987). In so doing it relied heavily on a statement by the Supreme Court in *Kelly v. Robinson* which held that "§ 523(a)(7) preserves from discharge *any* condition a state criminal court imposes as part of a criminal sentence." *Kelly*, 479 U.S. at 50 (emphasis added). It is notable that the Sixth Circuit reached its conclusion despite a Tennessee statute which directly provided that costs "shall not be deemed part of the penalty" imposed in a criminal case. Tenn. Code Ann. § 40-24-105(b) (1982). Thus, although the Sixth Circuit recognized that costs were

assessed at least partly for reimbursement of pecuniary loss, it reckoned that this consideration was of less importance than *Kelly's* admonition that no part of a criminal sentence was dischargeable.

> In light of the Supreme Court's decision in *Kelly*, the issue before us here boils down to whether the state criminal court assessed costs against appellee as part of his criminal sentence. We believe the answer to that issue is yes.

*In re Hollis*, 810 F2d at 108. This court is bound by the Sixth Circuit's interpretation of *Kelly*. By similar reasoning, the costs imposed in the case at bar were imposed as part of a penal proceeding and are therefore nondischargeable under § 523(a)(7).

### III.

Both the restitution and the costs ordered paid in the disciplinary proceeding at issue are penalties because they result from a proceeding that is primarily penal in nature. As such they are nondischargeable by virtue of 11 U.S.C. § 523(a)(7). A separate order will enter in accordance with this memorandum.

###