**SO ORDERED.**

**SIGNED this 28 day of April, 2008.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE ) | |
| ) | NO. 04-15901 |
| NATHAN EDWARD BROOKS, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| TENNESSEE BOARD OF PRO- ) | |
| FESSIONAL RESPONSIBILITY ) | |
| OF THE SUPREME COURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 04-1290 |
| ) | |
| NATHAN EDWARD BROOKS, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M**

This is an adversary proceeding in which the Board of Professional Responsibility of the

Supreme Court of Tennessee (the "Board") is seeking an order declaring nondischargeable certain

1

debts incurred by the defendant in connection with a disciplinary proceeding prosecuted against him by the Board. During the course of the disciplinary proceeding, the defendant signed and entered a "conditional guilty plea," formally admitting several violations of the disciplinary rules of the Code of Professional Responsibility and agreeing that his law license should be suspended for two years. The guilty plea, which was incorporated into an order of the Tennessee Supreme Court, also required the defendant to pay costs associated with the disciplinary proceeding in the sum of approximately $2,000, and to pay restitution in the sum of approximately $8,500 to former clients. The plaintiff contends that the monetary obligations are nondischargeable under the provisions of 11 U.S.C. § 523(a)(7).

The court previously granted summary judgment in favor of the plaintiff, finding that both the costs and restitution obligations were nondischargeable under the provisions of § 523(a)(7). The defendant appealed the court's order and the district court reversed this court's grant of summary judgment as to the defendant's restitution obligation. The proceeding was remanded to this court for further proceedings consistent with the district court opinion. According to the district court's opinion, the pivotal question to be resolved in this proceeding is whether the defendant's restitution obligation is payable to the State of Tennessee or to the aggrieved parties. Relying on *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006), the district court stated that, "[i]f restitution is payable to the victim, it is not covered by § 523(a)(7)."

Cross motions for summary judgment and stipulations have now been filed by the parties, and the parties appeared for argument on their motions. The Joint Stipulations of Fact filed by the parties states that the defendant entered into a "conditional guilty plea" wherein he agreed to make

restitution to twelve former clients. At argument, the plaintiff conceded that the restitution obligation of the defendant was payable to the defendant's former clients and not to the State of Tennessee.

Based on the opinion of the district court, and the fact that the restitution obligation was payable by the defendant to the defendant's former clients, and not to the State of Tennessee, the defendant is entitled to summary judgment with respect to the restitution obligation.

A order will enter in accordance with this memorandum.

###